# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 2: 02-cr-00001 |
| v. ) | 2: 14-cv- 171 |
| ) | |
| WILLIS DUANE EVANS ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 103) filed by the Federal Public Defender on behalf of Willis Duane Evans. The motion has been exhaustively briefed (ECF Nos. 108, 112, 117, 122, 129 132) and is now ripe for disposition. The case was reassigned to this member of the Court on December 3, 2015.

Factual and Procedural Background

On November 5, 2002, Evans pled guilty to the crime of conspiracy to possess with intent to distribute and distribute 5 grams of more of cocaine base, in violation of 21 U.S.C. § 846. In the Presentence Investigation Report ("PSI"), Evans was classified as a Career Offender pursuant to U.S.S.G. § 4B1.1. The two predicate offense convictions which resulted in this classification were: (1) a 1985 Pennsylvania state aggravated assault, 18 Pa.C.S. § 2702; and (2) a 1992 Pennsylvania state burglary of the first degree, 18 Pa.C.S. § 3502. Evans did not object to the PSI. The sentencing guideline range was 188-235 months. On April 15, 2003, United States District Judge Sean McLaughlin sentenced Evans to a term of imprisonment of 205 months. Evans did not file a direct appeal.

The pending § 2255 motion, the first by Evans, was filed on June 19, 2014. In the original motion, Evans argues that he should not have been sentenced under the Career Offender sentencing guideline because the Pennsylvania state burglary conviction no longer qualifies as a predicate offense, pursuant to the elements-driven categorical approach set forth by the United States Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013). While the briefing on this issue proceeded, Defendant filed a Supplemental Brief in which he contends that a Pennsylvania state aggravated assault conviction is also no longer a predicate offense as a result of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. Evans requests that the Court vacate his current sentence and schedule a prompt re-sentencing hearing.

Legal Analysis

Numerous novel and difficult legal issues are implicated in this case. To wit, do the decisions regarding the retroactivity of *Descamps* and *Johnson*, both of which involved the Armed Career Criminal Act, apply with equal force to sentences based on the Career Offender provisions of the Sentencing Guidelines? Does *Johnson*, which involved the so-called "residual clause," have any application to predicate offenses based on a different clause of the Career Offender guideline, the "use of physical force" clause in USSG § 4B1.2(a)(1)? In a § 2255 motion, does the burden shift to Defendant to show, by way of the documents permissible under the modified categorical approach, that he did not commit a predicate offense? Does the specific enumeration of aggravated assault and burglary of a dwelling in Application Note 1 to USSG §4B1.2 constitute sufficient authority to continue to regard them as "crimes of violence"?

As an initial matter, it is currently unsettled whether the new rules of law set forth in *Descamps* and *Johnson* are cognizable retroactively in a § 2255 motion. In *United States v. Doe*, 2015 WL 5131208 at *17 (3d Cir. September 2, 2015), after extensive legal analysis, the United States Court of Appeals for the Third Circuit held that at least as to sentences imposed under the pre-*Booker* "mandatory" guidelines (such as this case), such claims are cognizable. However, on December 9, 2015, that opinion was vacated and the government's petition for a panel rehearing was granted. *Doe*, 2015 WL 8287989 (3d Cir. December 9, 2015). This Court is persuaded by the Third Circuit's reasoning in *Doe*, and concludes that Evans' claims are retroactively cognizable in a § 2255 motion, as he was sentenced in 2002 under the pre-*Booker* guidelines.

Overview of the Required Analysis

The Court must conduct a particularized analysis to determine whether Evans was convicted of qualifying predicate offenses. As aptly summarized in *United States v. Green*, 543 F. App'x 266, 271 (3d Cir. 2013):

> The Guidelines define a "crime of violence" as any offense under federal or state law punishable by a prison term of over one year that (1) has as an element the use, attempted use, or threatened use of physical force against another, or (2) is burglary of a dwelling, arson, extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. USSG § 4B1.2(a). To determine whether an offense of conviction amounts to a crime of violence, we presumptively apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Stinson*, 592 F.3d 460, 464 (3d Cir. 2010). Under the categorical approach, we "look only to the fact of conviction and the statutory definition of the prior offense." *Id*. (*quoting Taylor*, 495 U.S. at 602, 110 S.Ct. 2143). In "a narrow range of cases" where a statute criminalizes both violent and non-violent conduct and a sentencing court cannot tell, without reviewing something more, if the jury found or defendant pleaded guilty to elements that would be a crime of violence, we apply the modified categorical approach. *Descamps v. United States*, ─── U.S. ───, 133 S.Ct. 2276, 2283–84, 186 L.Ed.2d 438 (2013) (*quoting Taylor*, 495 U.S. at 602, 110 S.Ct. 2143); *Stinson*, 592 F.3d at 462 (noting under the modified categorical approach courts may "look beyond

3

> the statutory elements to determine the particular part of the statute under which the defendant was actually convicted").

Such an examination is only to determine which part of a divisible statute the defendant violated – not how he committed the crime. *United States v. Johnson,* 587 F.3d 203, 208 (3d Cir. 2009). In conducting such an inquiry, a court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). This approach is not without its critics. *See, e.g., id.* at 35-36 (O'Connor, J., dissenting) (decrying the categorical approach's "overscrupulous regard for formality," which "forces the ... sentencing court to feign agnosticism about clearly knowable facts").

The government argues that, because this is a collateral review that seeks to unravel a lawfully imposed sentence, the burden should be on Evans to prove that he did not commit those predicate offenses. The government theorizes that in a § 2255 motion, the burden shifts to Defendant to produce the so-called *Shepard* documents[1] and that Defendant bears the risk if those documents prove to be ambiguous. The Court cannot agree. Defendant has challenged the validity of his sentence and, as explained above, that challenge is cognizable on collateral review under § 2255. Thus, the government retains the burden to demonstrate by a preponderance of the evidence both prior convictions and career offender status. *United States v. Howard*, 599 F.3d 269, 271-72 (3d Cir. 2010). *See also United States v. Tucker*, 603 F.3d 260, 266-67 (4th Cir. 2010) (granting § 2255 motion because government could not point to any *Shepard* documents to demonstrate elements of burglary predicate offense and rejecting reliance on PSI description based on police report); *Kirkland v. United States*, 687 F.3d 878, 889 (7th Cir. 2012) (rejecting

---

[1] As a practical matter, the *Shepard* documents will generally be within the custody of the government.

burden-shifting scheme and holding that if *Shepard* documents are equivocal, government has failed to establish predicate offense).

The Burglary Offense

The enumerated offense in USSG § 4B1.2 is not generic burglary, but "burglary of a dwelling."[2] Defendant contends that Pennsylvania burglary is not a predicate offense because it is defined more broadly than the enumerated offense of "burglary of a dwelling." In addition, Defendant contends that Pennsylvania burglary is not divisible, and even if it is, the documents that may be consulted under the modified categorical approach do not establish that Evans' burglary involved a dwelling. In the government's view, Evans pled guilty to burglary of a dwelling based on: (1) the PSI, to which he did not object; (2) the original criminal information; and (3) the fact that he pled to first degree burglary.

The enumerated offense in § 4B1.2(a)(2) and Application Note 1 is "burglary **of a dwelling**." (Emphasis added). The Pennsylvania burglary statute in effect at the time of Evans' conviction, 18 Pa.C.S. § 3502 (1992), did not require, as an element, the entry of a "dwelling." The offense was defined as follows: "A person is guilty of burglary if he enters a **building or occupied structure**, or separately secured or occupied portion thereof, with intent to commit a crime therein. . . ."

The Court assumes, arguendo, that the burglary statute is divisible, such that *Shepard*-documents may be considered. *See Descamps*, 133 S.Ct. at 2284 (characterizing as divisible a burglary statute prohibiting entry of an automobile as well as a building); *but see id*. at 2282

---

[2] By contrast, the Armed Career Criminal Act, 18 U.S.C. § 924€(2)(B)(ii) more broadly enumerates generic "burglary" as a violent felony.

5

(California burglary statute was overbroad, not divisible). In any event, the *Shepard* documents do not establish that the 1992 burglary by Evans was of a "dwelling." The Criminal Information alleged at Count Two that Evans had entered into "a **building or separately secured or occupied portion thereof**, to-wit: _____Street, Erie Pennsylvania, the **property** of _____,³ with the intent to commit a crime therein . . ." (ECF No. 129-1). The Court recognizes that Count One of the same Criminal Information alleged that Evans had entered into a "**residence**" on the day in question.⁴ However, the Court is not permitted to consider this reference. Pursuant to *United States v. Tucker*, 703 F.3d 205, 211-12 & n.5 (3d Cir. 2012): "Nothing in *Taylor* invites review of other charging papers or instructions for other offenses. This court's precedent, moreover, is emphatic that "a court applying the modified categorical approach may only consider the charging document to the extent that the petitioner was actually convicted of the charges." *Id*. (*quoting Evanson v. Att'y Gen*., 550 F.3d 284, 293 (3d Cir. 2008)). Evans was convicted only as to Count Two and nothing in the criminal information or plea colloquy as to Count Two (ECF No. 132-2) reflects that Evans admitted to entry into a "dwelling" as opposed to a "building." *See generally Descamps*, 133 S. Ct. at 2285 (emphasizing that courts must look at the elements of the crime, rather than the facts).

The Court concludes that Evans should not be foreclosed from challenging his sentence due to his failure to object to the description of his predicate offenses in the PSI in 2002. The law has changed significantly since then and the ramifications of the PSI description and of the

---

³ The street address is redacted on the document submitted to the Court. In any event, the Court would not be permitted to consider whether or not that street address corresponded to a "dwelling."

⁴ It is readily apparent that the charges brought against Evans all stemmed from the same incident, because Count 1 charged Evans with conspiracy to commit: burglary (Count 2); theft by unlawful taking (Count 3); and receiving stolen property (Count 4). Moreover, Counts 1, 3 and 4 all involved items valued at $489.00.

comments of defense counsel during the sentencing colloquy[5], would not have been apparent at that time. Nor is the Court persuaded by the government's argument that the grading of Evans' conviction as a first degree burglary establishes that it was necessarily a "crime of violence." 18 P.S. § 3502(c)(2) (1992) provided that "if the building, structure or portion entered is not adapted for overnight accommodation ***and*** if no individual is present at the time of entry, burglary is a felony of the second degree." (Emphasis added). Otherwise, burglary is a first degree felony. Thus, by the plain statutory text, a person can commit first degree burglary under Pennsylvania law even though the building is not adapted for overnight accommodation (i.e., even though the building is not a "dwelling"), if a person is present at the time of entry. In summary, under the element-based approach set forth in *Descamps*, Evans' 1992 burglary conviction is not a predicate crime of violence.

Aggravated Assault Conviction

Because Evans' burglary conviction is no longer a qualifying predicate offense, he cannot be classified as a career offender. Therefore, the Court need not decide the parties' respective contentions as to whether aggravated assault remains a predicate offense. The Court observes that in *United States v. Marrero*, 743 F.3d 389, 398 (3d Cir. 2014) cert. denied, 135 S. Ct. 950 (2015), the United States Court of Appeals for the Third Circuit noted that aggravated assault remains an enumerated crime of violence.

---

[5] The transcript of the sentencing colloquy with Judge McLaughlin reflects that defense counsel described the burglary as of a dwelling, stating: "apparently it was the home of [the victim]." (ECF No. 71 at 3).

Summary

This case was reassigned to this member of the Court on December 3, 2015. As explained above, the Court has concluded that the Evans' 1992 burglary conviction is not a predicate offense under recent United States Supreme Court precedent, which has retroactive application. Thus, he cannot continue to be sentenced as a Career Offender. The original sentence will be vacated and a re-sentencing hearing will be scheduled in an expeditious manner.

Based on the Court's preliminary review and analysis of the original PSI, there is a significant likelihood that Evans will be sentenced to "Time Served" and released from custody. The parties stipulated that the amount of cocaine base attributable to Evans is 20-35 grams. Such stipulation corresponded to offense level 28 under the 2002 Sentencing Guidelines, but overlaps with several offense levels in the 2015 Drug Quantity table, with a maximum of offense level 24. With a reduction for acceptance of responsibility, Evans' final offense level under the 2015 guidelines would be no more than 21. His Criminal History category, without the Career Offender enhancement, is IV. Thus, the new advisory range would be 57-71 months, or less. Evans has been incarcerated since April 16, 2003, which is more than 12 years (over 150 months).

Thus, it is the Court's intention to schedule a sentencing hearing as soon as practicable. Defense counsel should consult with Mr. Evans and report as to whether the hearing may be held without his physical presence. The government should file a response on or before January 6, 2016, as to whether it has any additional information to present at sentencing or otherwise opposes a "time served" sentence while preserving its right to appeal this decision.

In accordance with the foregoing, the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 103), will be **GRANTED**. The existing sentence will be vacated and a re-sentencing hearing will be promptly scheduled.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 2: 02-cr-00001 |
| v. ) | 2: 14-cv- 171 |
| ) | |
| WILLIS DUANE EVANS ) | |

## ORDER OF COURT

AND NOW this 29th day of December, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 103) is **GRANTED**. The existing sentence is hereby vacated and a re-sentencing hearing will be promptly scheduled. Civil Action No. 14-171 shall be docketed as closed.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc: **Lisa B. Freeland**
Email: lisa_freeland@fd.org

**Rebecca Ross Haywood**
Email: rebecca.haywood@usdoj.gov